# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 5, 2013

Lyle W. Cayce
Clerk

No. 12-41287
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAURICIO BLANCO-FORTUNA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-363-1

Before JOLLY, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mauricio Blanco-Fortuna appeals the 72-month sentence imposed following his conviction for being illegally present in the United States following a prior deportation subsequent to a felony conviction. He contends that the district court erred by imposing a 16-level enhancement under § 2L1.2 of the Sentencing Guidelines based on his prior conviction for statutory rape under Georgia Code Annotated §16-6-3. Specifically, Blanco-Fortuna argues that his prior offense does not satisfy the "generic, contemporary meaning" of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enumerated offenses of "statutory rape" or "sexual abuse of a minor" because the statute of conviction prescribes a three-year age differential between the victim and the defendant, rather than four years.

As Blanco-Fortuna concedes, his sole argument is effectively foreclosed by our decision in *United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en banc), *petition for cert. filed*, No. 12-10695 (U.S. June 6, 2013).  In *Rodriguez*, we applied a "plain-meaning" approach to determine the "generic, contemporary meaning" of "statutory rape" and "sexual abuse of a minor" and concluded that the generic definitions of those offense categories do not include any specific age differential.  *Id.* at 559-62 & n.28.  We expressly rejected the claim that the statute at issue in that case – § 22.011(a)(2) of the Texas Penal Code – did not satisfy the "generic, contemporary meaning" of "sexual abuse of a minor" because the statute prescribed a three-year instead of a four-year age differential between the victim and the defendant.  *Id.* at 562 n.28.  Blanco-Fortuna asserts that he is raising the issue solely to preserve it for further review.

In light of *Rodriguez*, the district court did not err in imposing a 16-level enhancement under § 2L1.2 based upon Blanco-Fortuna's prior conviction for statutory rape under § 16-6-3(a).  Consequently, the motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.